UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X

MATTHEW MEACHEM SR.,

                      Plaintiff,   **COMPLAINT**

        -against-

                             **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK; NYPD P.O. JOHN DOES
#1-5; the individual defendant(s) sued
individually and in their official
capacities,

                     Defendants.

------------------------------------------ X

## PRELIMINARY STATEMENT

     1.   This is a civil rights, common law, and tort action in which plaintiff seeks relief for the violation of his rights secured by the laws of the State of New York; New York State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Plaintiff's claims arise from an incident that took place on May 21, 2014.  During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, unlawful search and seizure, false arrest, failure to intervene, and implementation and continuation of an unlawful municipal policy, practice, and custom, and respondeat superior liability. Plaintiff seeks compensatory and punitive damages from the individual defendants, compensatory damages from the municipal

defendant, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2.   Within 90 days of the conclusion of the incidents alleged in this complaint, plaintiff served upon defendant City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damages or injuries claimed.

3.   More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

4.   Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

5.   Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County, and Bronx County is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

6.   Plaintiff Matthew Meachem Sr., is an African-American male, who is a resident of the State of New York, Kings County.

7.   At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

8.   At all times alleged herein, defendants NYPD P.O. John Does #1-5 were New York City Police Officers employed with the NYPD Transit Bureau, Transit District 12, who violated plaintiff's rights as described herein.

9.   The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

10.  On May 21, 2014 at and in the vicinity of the Gun Hill Road Subway Station, police officers operating from the NYPD Transit Bureau, Transit District 12, including, upon information and belief, John Does 1-5, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

11.  On May 21, 2014, at approximately 9:00 p.m., at and in the vicinity of the Gun Hill Road Subway Station, Bronx County, Bronx, NY, NYPD P.O. John Does 1-5, without either

consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, stopped plaintiff, and accused him of fare evasion on the subway.

12.   Plaintiff did not evade paying his fare.

13.   The officer who stopped plaintiff, told plaintiff "If you don't have any open warrants, I am going to give you a ticket and let you go." or words to that effect.

14.   Plaintiff gave the officer his ID card.

15.   The officer then told plaintiff that he had an open warrant.

16.   The alleged open warrant was from 1987.

17.   The officer then placed plaintiff under arrest and placed him in handcuffs.

18.   The officers then transported plaintiff via police car to the precinct at the 180th Street subway station in the Bronx.

19.   Once in the precinct, plaintiff was placed in a cell.

20.   An officer told plaintiff that he had an open warrant, and that the warrant was from Queens County and that plaintiff had to go to central booking.

21.   Plaintiff was transported to central booking.

22.   At central booking plaintiff was ordered to strip down to his underwear and searched.

23.   At central booking his arrest was processed and he was placed in a cell.

24.   Plaintiff went before a judge and no mention was made of any outstanding warrants.

25.   Plaintiff plead guilty to a violation.

26.   Plaintiff was released from the courthouse.

27.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

28.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

29.   The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

30.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological

pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

31.   Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

32.   Upon information and belief, the unlawful actions against plaintiff were also based on racial profiling.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

33.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

34.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

35.   Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

36.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

37.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

38.   Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

### THIRD CLAIM

**(UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)**

39.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40.   Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

41.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### FOURTH CLAIM

**(UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)**

42.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43.   Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

44.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## FIFTH CLAIM

**(NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEES)**

45.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46.   Defendant City of New York is liable to the plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD and its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its police officers..

## SIXTH CLAIM

**(INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

47.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

48.   That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

49.   The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

50.   The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff's physical safety, or caused the plaintiff to fear for his own safety.

### SEVENTH CLAIM

#### (NEGLIGENCE AND GROSS NEGLIGENCE)

51.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52.   Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

### EIGHTH CLAIM

#### (FAILURE TO INTERVENE)

53.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

55.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## NINTH CLAIM

### (MONELL CLAIM)

56.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57.   Defendant City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

58.   Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs, and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

59.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

60.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise,

discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

61.  Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice, and/or policy) would stop, arrest, and prosecute innocent individuals, based on pretexts and false evidence.

62.  The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

63.  In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes.  Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault, and domestic violence.  In fact, former NYPD Commissioner Bernard

Kerik was convicted of corruption-related crimes in federal and state courts and served time in federal prison.  In 2011, Brooklyn South Narcotics Officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence.  In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments.  In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

64.  The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

65.  The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

66. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## TENTH CLAIM

### (RESPONDEAT SUPERIOR)

67. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

68. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting plaintiff.

69. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

```
DATED:      New York, New York
            AUGUST 14, 2015
```

ADAMS & COMMISSIONG LLP,
*Attorney for Plaintiff*
65 Broadway Suite 715
New York, New York 10006
212-430-6590
martin@amcmlaw.com
By:

_____

MARTIN E. ADAMS, ESQ.